UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH L. MORRIS,

    Plaintiff,

v.

RANDALL HEPP, WAUPUN CORRECTIONAL INSTITUTION STAFF, STOIBER-SCHNEIDER, C.O. ICHE, C.O. OLSON, C.O. GROVER, C.O. SONNTAG, C.O. II BEAHM, C.O. COLEMAN, C.O. BARNETT, C.O. KIJEK, C.O. LAMBERT, C.O. CEASARE, and C.O. ARONSON,

    Defendants.

Case No. 22-CV-1418-JPS

**ORDER**

Plaintiff Kenneth L. Morris, an inmate confined at Oshkosh Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On December 2, 2022, Plaintiff filed a motion to proceed without prepayment of the filing fee. ECF No. 4. Prior to ruling on that motion, Plaintiff paid the filing fee in full on December 20, 2022. The Court will accordingly deny his motion to proceed without prepayment of the filing fee, ECF No. 4, as moot. The remainder of this Order screens Plaintiff's complaint.

1.     **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations stem from incidents that occurred during his stay at Waupun Correctional Institution ("WCI"). ECF No. 1 at 2. On January 2, 2022, Plaintiff alleges that a prison social worker, Defendant Stoiber-Schneider ("Stoiber-Schneider") verbally harassed him by yelling at him:

> Covid death that little ape died Morris that fat [expletive] died Kelly, Kenneth your[sic] one animal who needs to go back to seg your[sic] pathetic we need a court order so this animal can't sue, herpes you have it [N-word] Morris you have to take meds if you want to stay on this BHU otherwise court order ape.

*Id.* at 3. Stoiber-Schneider also yelled to Plaintiff to write another ICE at the same time. *Id.*

Plaintiff filed a complaint about Defendants C.O. Olson ("Olson"), C.O. Beahm ("Beahm"), C.O. Aronson ("Aronson"), C.O. Sonntag ("Sonntag"), and C.O. Grover ("Grover") for harassment that happened on December 14, 2021. *Id.* While Plaintiff was at the officer's station, Olson yelled, "Kelly anniversary that ape died a covid death Kenneth Morris." *Id.* The same day, Sonntag yelled, "Kenneth Morris your sister died covid ah-ha." *Id.* Later that day, Beahm yelled "Ah-ha Kenneth Kelly died you should know we hate you by now [N-word] Morris now get out of Waupun." *Id.* Aaronson yelled, "Died from covid Kenneth your sister [N-word] [expletive] him." *Id.* Grover announced over the public address system, "Kelly died that ape died this [expletive] will not stop [expletive] [N-word] Morris." *Id.* at 3–4.

On November 25, 2021, Defendant Coleman ("Coleman") yelled "[Expletive] [N-word] Kenneth Morris." *Id.* at 4. On December 24, 2021,

Defendant C.O. Lambert ("Lambert") yelled, "Kenneth Morris get money faggot that little bitch died from covid Kelly [N-word]." *Id.* Later that day, Defendant C.O. Iche ("Iche") yelled, "Kenneth your[sic] a [N-word] she died from covid black money your sister." *Id.* On December 3, 2021, Defendant C.O. Kijek ("Kijek") yelled, "Kenneth Morris ah-ha covid death your sister." *Id.* On December 22, 2021, Defendant C.O. Barnett ("Barnett") yelled, "Kenneth Morris your[sic] a [N-word] ape we gotta get his ass to the hole ah-ha Kelly died of covid you got herpes." *Id.* at 4–5. The same day, Defendant C.O. Ceasare ("Ceasare") yelled, "Kenneth you got herpes Morris tell us to shut up little ape." *Id.* at 5.

Plaintiff wrote inmate complaints about the harassment against him. *Id.* Defendant Warden Randall Hepp ("Hepp") affirmed the rejection of his complaints. *Id.* Plaintiff wrote to Hepp about the harassment, but Hepp took no action to move Plaintiff away from the other defendants. *Id.*

### 3. ANALYSIS

Under the Eighth Amendment, a state may not subject prisoners "to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing *Rhodes v. Chapman*, 452 U.S. 337, 345–47 (1981)). The Supreme Court has clarified, however, that only "extreme deprivations" will amount to cruel and unusual conditions of confinement. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The court must judge the alleged conditions "in accordance with contemporary standards of decency." *Id.* An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the context of a conditions-of-confinement claim, a prisoner must show that he has been deprived of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452

U.S. at 347). The subjective component requires a prisoner to demonstrate that prison officials acted with the requisite intent, that is, that the officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303.

Except in exceptional circumstances, verbal abuse or harassment from prison officials does not constitute cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by *Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (*en banc*). But when the comments are repeated and of a certain nature, they may increase the plaintiff's risk of physical or psychological harm from fellow inmates. *See Beal,* 803 F.3d at 358–59. For example, statements by correctional officers made in front of other incarcerated persons about a plaintiff's sexual orientation could increase that plaintiff's risk of sexual assault or harassment. *Id.* In that scenario, ongoing verbal harassment may support an Eighth Amendment claim. *Id.*

At the screening stage, the Court will allow Plaintiff to proceed against Defendants Stoiber-Schneider, Iche, Olson, Grover, Sonntag, Beahm, Coleman, Barnett, Kijek, Lambert, Ceasare, and Aronson for an Eighth Amendment deliberate-indifference claim for their verbal harassment of Plaintiff. The Court notes, however, that Plaintiff may have a tall hill to climb in order to survive summary judgment later in this case. While allowing claims to proceed at the screening stage, many courts applying *Beal* have later granted summary judgment on verbal harassment claims for the failure to rise to a constitutional violation. *See, e.g., Robinson v. Budde,* 2021 WL 1722857 (N.D. Ill. April 30, 2021) (granting summary judgment to the defendants where the plaintiff alleged he felt humiliated,

had insomnia, and isolated himself in his cell for a couple of days as a result of harassment, but there was no evidence the plaintiff sought psychological care, he did not fear a physical attack, and there were no repeated incidents of abuse); *Scruggs v. Miller,* 2016 WL 495603 (N.D. Ind. Feb. 8, 2016) (finding no constitutional claim where the defendants called an inmate a racial slur and told the inmate they wanted him dead, would have the "KKK go see his family," and would put his children's photos on child porn websites, because the harassment did not increase the risk of any future harm to the plaintiff or cause him psychological harm); *Rausch v. Bortz*, 2017 WL 6805690 (W.D. Wis. Nov. 8, 2017) (finding no constitutional claim where a prison guard told the plaintiff he probably used his hat to "wipe semen off of his celly's stomach" because the harassment was not repeated and it did not place the plaintiff at risk of assault by other inmates). The totality of Plaintiff's allegations includes Defendants repeatedly using racial and homophobic slurs, harassment for the death of his sister, and stating that Plaintiff had herpes. Given the liberal screening standard, the Court will therefore allow this case to proceed on an Eighth Amendment deliberate-indifference claim against Stoiber-Schneider, Iche, Olson, Grover, Sonntag, Beahm, Coleman, Barnett, Kijek, Lambert, Ceasare, and Aronson.

Plaintiff may not, however, proceed against Hepp or Waupun Correctional Institution Staff. As to Hepp, for a prison official to be personally liable, he must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327

F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "If there is 'no personal involvement by the warden [in an inmate's medical care] outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell,* 492 Fed. Appx. 654, 660 (7th Cir. 2012)). As to Waupun Correctional Staff, this defendant is not a person for the purposes of 1983. *See Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). As such, the Court will dismiss these defendants for the failure to state a claim against them.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate-indifference claim against Stoiber-Schneider, Iche, Olson, Grover, Sonntag, Beahm, Coleman, Barnett, Kijek, Lambert, Ceasare, and Aronson.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Page 7 of 10
Case 2:22-cv-01418-JPS    Filed 04/18/23    Page 7 of 10    Document 12

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 4, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendants Hepp and Waupun Institutional Staff be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Stoiber-Schneider, Iche, Olson, Grover, Sonntag, Beahm, Coleman, Barnett, Kijek, Lambert, Ceasare, and Aronson**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL

5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

> Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:
>
> > Office of the Clerk
> > United States District Court
> > Eastern District of Wisconsin
> > 362 United States Courthouse
> > 517 E. Wisconsin Avenue
> > Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.