UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KENNETH L. MORRIS,**

    **Plaintiff,**

    v.      Case No. 22-CV-1418-SCD

**STOIBER-SCHNEIDER, C.O. ICHE, C.O. GROVER,
C.O. SONNTAG, C.O. BEAHM, C.O. COLEMAN,
C.O. BARNETT, C.O. KIJEK, C.O. LAMBERT,
C.O. CEASARE,** and **C.O. ARONSON,**

    **Defendants.**

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Kenneth Morris, a Wisconsin prisoner, alleges that certain staff members harassed him when he was incarcerated at Waupun Correctional Institution. Compl., ECF No. 1. Specifically, he describes several incidents between November 25, 2021, and December 24, 2021, where correctional officers Iche, Grover, Sonntag, Beahm, Coleman, Barnett, Kijek, Lambert, Ceasare, and Aronson allegedly called him racial and homophobic slurs, teased him about his sister dying, and claimed he had herpes. *Id.* at 3–6. Morris alleges that Stoiber-Schneider, a prison social worker, engaged in similar conduct on January 4, 2022. *Id.* at 2–3.

The defendants have moved for summary judgment on all claims alleged against the correctional officers, arguing that Morris failed to exhaust his administrative remedies concerning those claims. *See* Defs.' Mot., ECF No. 18; Defs.' Br., ECF No. 19. Morris does not dispute the defendants' proposed findings of fact, and he concedes he did not fully exhaust his remedies as to the correctional officers. *See* Pl.'s Br., ECF No. 29. Those undisputed facts

show that Morris did not name Iche, Grover, Beahm, Kijek, Lambert, or Caesare in any inmate complaints he filed relating to events alleged in his federal complaint. Defs.' Facts ¶ 21, ECF No. 20. Morris did file two inmate complaints against Sonntag, Coleman, Barnett, and Aronson; however, the prison's inmate complaint examiner rejected each one for lack of supporting information, and Morris never attempted to correct those deficiencies. *Id.* ¶¶ 5–14. Morris therefore failed to properly exhaust those claims. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (requiring prisoners to "properly take each step within the administrative process" to exhaust state remedies); *Schlemm v. Pizzala*, No. 19-CV-266, 2021 WL 4988449, 2021 U.S. Dist. LEXIS 208756, at *7 (E.D. Wis. Sept. 3, 2021) ("To properly exhaust administrative remedies after the [examiner] rejects a complaint and a reviewing authority affirms the rejection, an inmate must fix the deficiencies and refile."). The defendants acknowledge that Morris properly exhausted his remedies regarding his claim against Stoiber-Schneider. *See* Defs.' Br. 1 n.1; Defs.' Facts ¶¶ 15–18.

Because the undisputed facts demonstrate that Morris failed to exhaust remedies regarding his claims against the correctional officers, the court **GRANTS** the defendants' motion for partial summary judgment on exhaustion grounds, ECF No. 18. The court **DISMISSES** as defendants in this action correctional officers Iche, Grover, Sonntag, Beahm, Coleman, Barnett, Kijek, Lambert, Ceasare, and Aronson. Morris may proceed only on his claim against Stoiber-Schneider.

**SO ORDERED** this 28th day of December, 2023.

_____
STEPHEN C. DRIES
United States Magistrate Judge